## COTTERILL et al. *vs.* STEVENS.

ERROR TO CIRCUIT COURT, WINNEBAGO COUNTY.

Heard September 26, 1859.]                    [Decided January 4, 1860.

### *Frauds, Statute of.*

Where G. was indebted to S., and C. was indebted to G., and it was agreed between C. and S., with the assent of G., that C. should pay S. the amount he was owing G., and S. should give G. credit for the sum paid by C.; Held that an action could be maintained on this promise of C., and it was not a promise to answer for the debt of another, but was a promise by C. to pay his own debt in a particular way.

Where G. had pine logs of the value of $1,000 lying loose in lake Poygan and Wolf river, and sold them to C. as they lay, C. to hunt them up, and C. agreed to pay

Cotterill et al. vs. Stevens.

for them by paying a debt due from G. to S., and S. took C. as his paymaster, and then commenced an action against C.; Held that C. could not set up as a defence that the logs were worth more than $50, and the contract to buy was not in writing, nor was there a delivery of the logs: the delivery was a good one, and the agreement to pay S., was a payment for the logs.

This was an action commenced by Julius A. Stevens against Lyman H. Cotterill, Wilbert N. Peaslee, and James Johnson, to recover the sum of $500. The complaint set forth that one Alfred Gilson was indebted to the plaintiff about $1,000, and, at the same time the defendants became indebted to Gilson in the sum of $500, for a quantity of pine logs sold to them by Gilson; and that it was agreed by the plaintiff and Gilson, and the defendants, that the latter should pay the $500 dollars to the plaintiff, and he should extinguish the debt of Gilson to that amount, and that he had given the credit to Gilson. The answer was a general issue. The facts detailed by the evidence, may be gathered from the opinion of the court. Judgment was given for the plaintiff of $500 from which the defendants sued out a writ of error.

*Bouck and Edmonds*, for plaintiffs in error.

*Hodges and Hall*, and *S. U. Pinney*, for the defendant in error.

· *By the Court*, COLE, J.  It appears to us that the judgment in this case must be affirmed. It is insisted that the action cannot be maintained, because it is said that the promise of the plaintiffs in error was a collateral undertaking to answer for the debt of Gilson, and not being in writing, is void, by the statute of frauds. But there certainly is considerable testimony in the case going to support the allegations of the complaint, in respect to this promise; and we have no doubt but that the complaint sets forth a good cause of action. The complaint alleges, in substance, that Gilson was indebted to to the defendant in error in a specified amount; that while this indebtedness existed and continued, the plaintiffs in error became indebted to Gilson for lumber and logs sold them by Gilson; that an arrangemennt was entered into between the

parties to this suit and Gilson, by which it was agreed that Stevens should relieve Gilson from the debt which the latter owed him, and take the plaintiffs in error as his paymasters; that the plaintiffs in error consented to this arrangement, and promised to pay the defendant in error the amount of Gilson's debt to him, as a part consideration of the lumber and and logs which they had purchased of Gilson; that in pursuance of this arrangement, so much of the indebtedness of the plaintiffs in error to Gilson as should amount to Stevens' claim against Gilson, was thereby extinguished, and also the claim of Stevens against Gilson was likewise discharged. As before observed, there was evidence offered upon the trial in support of the case stated in the complaint, and the jury must have found, under the instruction of the court, that the allegations of the complaint, in this behalf, had been established. For, the circuit judge charged the jury, in the special instructions given, that unless they should find that the defendants were actually indebted to Gilson at the time of making such promise to the plaintiff, they must find for the defendants. Also, that unless the plaintiff, at the time of making such promise, agreed to accept the detendants as his only paymasters, and release Gilson, and did release Gilson from all claim upon him, the plaintiff could not recover. In the general charge, the court lays down substantially the same doctrine by instructing the jury that if they found from the whole testimony that the defendants promised Gilson to pay the plaintiff, Gilson consenting thereto, that then the undertaking was not within the statute, unless the debt of the plaintiff against Gilson remained unsatisfied; but if that debt had not been extinguished, then the defendants' undertaking was collateral, and to be binding must be in writing. The court further instructed the jury, that if the defendants, in consideration of the transfer of the logs to them, promised to pay the plaintiff, an action would lie, although the promise

was not in writing. Under these various instructions, the jury must have found that the plaintiffs in error promised to pay their own debt to Stevens, instead of paying it directly to Gilson, and that the latter consented to this arrangement in order to discharge his own debt. From the instructions, we cannot perceive how the jury could have arrived at any other result. And if such an agreement was made, it was not a promise to answer for the debt of a third person, but rather to pay their own debt in a particular way, namely, by paying it to Stevens instead of Gilson. Such a promise, it has been held, did not fall within the statute. *Emerick vs. Sanders*, 1 Wis., 77; *Barker vs. Bucklin*, 2 Den., 45; *Farley vs. Cleveland*, 4 Cow., 432; *Arnold vs. Lyman*, 17 Mass., 400; *Cabet vs. Harkins*, 3 Pick., 91; *Crocker vs. Higgins*, 7 Conn., 341.

It is further contended, on the part of the plaintiffs in error, that the evidence did not show that the defendants below were indebted to Gilson, in any sum whatever, at the time of the promise, for the reason that the sale of the logs by Gilson to them was void by the statute, as the price of the property exceeded fifty dollars, and there was no written memorandum of the sale. And the circuit court was requested to charge the jury that if they should find the value of the logs, at the price agreed upon, sold by Gilson to the defendants, to be over fifty dollars, and that none of them were delivered to the defendants until after they made the promise to the plaintiff to pay Gilson's debt, that then the plaintiff could not recover. The court refused to give this instruction, and, as we think, properly, under the evidence. The instruction goes upon the theory that the sale of the logs was void, there being no memorandum thereof in writing, and no delivery of the property. But we think there was here something equivalent to the payment of the part of the consideration money, if the understanding of the parties was that the defendents, by paying to Stevens Gilson's debt, discharged that debt, and at the

same time extinguished, *pro tanto*, the debt due from them to Gilson. It further appears that, by the terms of sale, the defendants were to take the logs where they could find them, and that they did receive a portion of the logs. The defendants, having acted upon the validity of that sale, accepted a part of the property, and treated the contract as binding in law, and they ought not to be permitted, after Stevens has discharged his debt against Gilson upon the strength of their agreement to pay it, to raise this objection.

We do not discover any other question in the case material or necessary to be noticed. The other instructions which were refused, we do not think were correct, as asked to be given.

It follows that the judgment of the circuit court must be affirmed.