## Archibald S. Cowley vs. William F. Davidson.

When a complaint sets up a contract and alleges a breach thereof, a demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action, is not well taken, since the plaintiff is at least entitled to nominal damages.

This action was commenced in the Ramsey County District Court. The complaint sets out an agreement entered into on the 15th day of April, 1864, between the plaintiff and defendant, by which defendant agreed to transport from Ottawa, Minnesota, and to deliver to plaintiff's assignees at Milwaukee, Wisconsin, 5,000

bushels of wheat, on or before May 20th, 1864, in consideration that plaintiff should furnish such wheat at Ottawa, and upon its delivery at Milwaukee pay defendant 33 cents per bushel for such transportation and delivery; and in case of the failure so to deliver said wheat or any part thereof, the defendant agreed to deliver to said consignee at Milwaukee for plaintiff, 5,000 bushels of No. 1 wheat, or a sufficient quantity to make up the amount delivered to 5,000 bushels. It further alleges the willingness and readiness of plaintiff to perform the agreement on his part, and the total failure of defendant to perform the same on his part, and that the market value of the wheat on said 20th day of May, 1864, at Milwaukee, was $1.28, and at Ottawa 60 cents per bushel; and that by reason thereof and of the premises, plaintiff has been damaged $1,750 and interest from said 20th of May, 1864, and demands judgment for such sum and interest. The defendant demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action.

The demurrer was overruled by the court below, and from the order overruling the same, the defendant appeals to this Court.

LORENZO ALLIS for Appellant.

The complaint is insufficient, because—

First—It states no fact showing that the plaintiff has been damnified. For aught that appears to the contrary, the plaintiff may have disposed of the wheat since May 20th, 1864, at Milwaukee, Ottawa, St. Paul, or other point, for more than he could have obtained for it at Milwaukee on the 20th of May, 1864, or he may still have the wheat on hand, and it may have greatly enhanced in value, so that the plaintiff may have been actually enriched instead of injured by the alleged breach of contract by defendant. At all events no fact is stated showing that he has suffered any damage thereby.

The principle is now well settled that the object in awarding damages in such cases is simply *compensation.*

It does not appear that plaintiff has ever sold or disposed of his

wheat. Hence in this action, besides holding his wheat, he is seeking to recover the difference between the value of the wheat at Ottawa and Milwaukee on the 20th of May, 1864, less the said agreed price of transportation.

This is wholly inadmissible. It is perfectly clear that the plaintiff could not keep the wheat to speculate therewith on the market, and at the same time claim precisely the same damages as though he had been compelled to sell the wheat at Ottawa, on the said 20th day of May, at said market price of 60 cents per bushel.

The plaintiff states no fact showing that he has been in any wise injured in the premises.

Second—The rule of damages, according to which the plaintiff claims specifically to recover, is wholly erroneous and inadmissible.

It was the plain duty of the plaintiff, on the failure of the defendant to transport and deliver the wheat according to contract, to cause the same to be forwarded to its destination at the earliest day and the lowest rate practicable.

The defendant would then have been liable to the plaintiff for the additional expense of transportation over the contract price, for the charges of storage and insurance after the 20th of May, and perhaps for all losses caused by the decline of the market at Milwaukee, between the 20th of May and the time when the wheat actually reached market.

This is, undoubtedly, the correct rule of damages in the premises, and it is clearly incumbent on the plaintiff to state sufficient facts to show its application, and to enable it to be applied, which he has wholly failed to do.

It is possible that in the absence of any means of forwarding the wheat to its destination, after the defendant's failure to perform his contract, a state of facts might have existed which would have justified the plaintiff in selling the wheat at Ottawa, and then claiming of defendant the difference between the proceeds of such sale and the market price at Milwaukee, less the contract price of transportation.

But no such state of facts is shown to have existed, nor did any

such sale of the wheat, in fact, take place, so far as appears.

Third—The complaint does not show that defendant's failure to deliver the wheat was not caused by the "dangers of river navigation and fire," specially excepted against the contract.

The demurrer is clearly well taken.

W. K. GASTON for Respondent.

The Court below properly overruled the demurrer of appellant—

First—Because the complaint states facts sufficient to constitute a cause of action. *Angell on Common Carriers, Secs.* 483, 484, 485, *&c.; Sedg. on Measure of Damages, page* 72, 366, 357, *&c.*

Second—Because said demurrer is frivolous and vexatious, and interposed merely for the purpose of delay.

*By the Court*—BERRY, J.—The complaint in this action sets out a contract between the parties, and avers a breach thereof. The demurrer admitting the truth of the complaint, the respondent is entitled to nominal damages at any rate. *Sedg. on Dam.*, (47); 3 *Par. Con.*, 217, 218; 2 *Gr. Ev., Sec.* 254. The complaint therefore contained facts sufficient to constitute a cause of action, and so the demurrer was properly overruled. If the allegation of the complaint in which the respondent seeks to lay down the rule by which his special damages are to be estimated, are insufficient or irrelevant, the defect cannot be reached by demurrer so long as other parts of the complaint contain a sufficient statement of a cause of action.

Whether the demurrer was well taken is the only question before us, and we therefore forbear to express any opinion upon the correct standard of damages, a matter to which the demurrer does not extend.

The order overruling the demurrer is affirmed and the action remanded.