## JAMES BUSH versus SALMON HOLMES.

A verbal agreement for the sale of personal property, for thirty dollars or more, is valid, when a part of the property has been delivered to and accepted by the purchaser under the agreement, although such delivery and acceptance took place several days after the making of the agreement.

Damages for non-delivery of a portion of the property are the difference between price agreed and the value at the time of refusal.

ON REPORT from *Nisi Prius*, BARROWS, J., presiding. The facts appear in the opinion.

| 53 | 417 |
|----|-----|
| 63 | 75 |
| 65 | 90 |
| 66 | 345 |

*A. G. Lebroke,* for the plaintiff.

*A. Sanborn,* for the defendant.

APPLETON, C. J. — This is an action against the defendant for a breach of his contract in not delivering a quantity of potatoes alleged by the plaintiff to have been purchased of him. The case comes before us upon a report of the testimony by the presiding Justice.

The plaintiff offered evidence tending to show that on or about the first of May, 1864, there was a verbal agreement between him and the defendant, by which the latter sold him all the potatoes he had on hand, except what he would need for use on his farm, at fifty-five cents *per* bushel, and estimated at three hundred bushels; that, under said agreement, he subsequently took one load of potatoes and paid for the same; that he went for the balance remaining and that the defendant refused to deliver any at the price agreed upon, claiming that the bargain was but for one load. It was further in proof that the defendant had sold about two hundred and seventy-five bushels of potatoes after this alleged bargain.

The defendant, denying the existence of the contract as above stated, asserts, by way of further defence, that, if proved, it would be void as within the statute of frauds, it not being in writing.

By R. S., 1857, c. 111, § 5, " no contract for the sale of any goods, wares, or merchandize, for thirty dollars or more, shall be valid, unless the purchaser *accepts* and *receives* part of the goods, or gives something in earnest to bind the bargain, or in part *payment thereof*, or some memorandum thereof is made and signed by the party to be charged thereby or by his agent."

A verbal contract for the sale of goods and a delivery of part under said contract is binding, notwithstanding such delivery is subsequent to the time of entering into said agreement. *Marsh* v. *Hyde*, 3 Gray, 331. A verbal agreement for the sale of property, exceeding fifty dollars in value, is valid, when a part of the property has been delivered to the purchaser and accepted by him under the agreement, although such delivery and acceptance took place several months after the making of the verbal agreement. *McKnight* v. *Dunlop*, 1 Selden, 537. In *Richardson* v. *Squires*, 37 Vermont, 640, the plaintiff contracted by parol with the defendant for thirty-one sheep at a stated price, to be delivered as he should want them for butchering. The plaintiff received twenty sheep upon the contract and paid for them when delivered. The defendant refused to deliver the remaining eleven sheep, and the plaintiff brought an action for the damages sustained in consequence of such refusal. It was held that there was both an acceptance and part payment, either of which was sufficient to take the contract out of the statute of frauds and to render it binding as an executory contract. To the same effect is the case of *Danforth* v. *Walker*, 37 Vermont, 239.

To render the defendant liable the plaintiff must prove that the potatoes received by him were delivered and received as part of the goods sold. *Davis* v. *Eastman*, 1 Allen, 422; *Pratt* v. *Chase*, 40 Maine, 269. This is to be determined by the jury.

The damages are the difference between the price agreed to be paid and the value of the potatoes at the time of the

refusal to deliver them.  *McKnight* v. *Dunlop*, 1 Selden, 537.

According to the agreement of the parties, the case is to stand for trial.

CUTTING, KENT, DICKERSON, BARROWS and TAPLEY, JJ., concurred.