Amson and another vs. Dreher.

AMSON and another vs. DREHER.

STATUTE OF FRAUDS:  SALE OF CHATTELS.   (1) *Contract void under statute of frauds; effect of subsequent acceptance of chattels.*  (2) *Question of acceptance properly submitted to jury.*

1. If the purchaser of goods under an agreement otherwise void by the statute of frauds, accepts a delivery of the goods or some part of them, either when the agreement is made or afterwards, such agreement thereby becomes a valid contract.
2. In an action for the price of three casks of wine alleged to have been shipped by plaintiffs in New York to defendant in Milwaukee, on his order (such price being over fifty dollars), there was conflicting evidence as to whether defendant ordered more than one cask, and also as to whether he did not subsequently accept a delivery of the three casks at a place where they had been stored in Milwaukee. *Held,* that if there was such an acceptance, neither the statute of frauds nor the alleged excess of plaintiffs in filling the order was of any importance; and the court properly refused a nonsuit, and submitted the question of acceptance to the jury.

APPEAL from the Circuit Court for *Milwaukee* County.

The plaintiffs are dealers in wine in the city of New York, and the defendant is the proprietor of a beer garden in the city of Milwaukee. In April, 1871, the defendant gave the plaintiffs a verbal order for a quantity of wine. He claims that he ordered but one cask, while the plaintiffs claim that he ordered three casks, two of which were to contain 160 gallons at $1.60 per gallon, and the third was to contain 80 gallons at two dollars per gallon. Nothing was paid on account of such purchase when the order was given. The plaintiffs thereupon shipped from New York to Milwaukee, consigned to the defendant, three casks of wine of the kinds which they allege had been ordered of them by the defendant, and at the same time forwarded to the latter the bill of lading thereof. Two of the casks contained 167 gallons of the cheaper wine, and the other 84 gallons of the more expensive article. When the wine arrived at Milwaukee, the defendant refused to receive it, and it was left in store by the carrier. Some time afterwards it was sold to pay charges. The foregoing facts appear in the pleadings and evidence in the case.

One of the plaintiffs testified on the trial, that in the summer of 1871, and while the wine still remained in store, he called upon the defendant in Milwaukee, and the latter then agreed to receive the wine and to pay for it the following summer; and that thereupon they went to the storehouse of Mr. Brigham, where the wine was stored, and obtained a bill of the storage charges, and that the defendant, on finding that he had not sufficient money with him to pay such charges, promised to call on some other day, pay the charges and take the wine. Mr. Brigham testifies that while the wine was at his place, two parties (and he thinks the defendant was one of them) came there, talked about the charges, and, as he thinks, went into the cellar and looked at the wine.

At the close of the plaintiffs' testimony, the counsel for the defendant moved for a nonsuit, on the grounds, 1. That the plaintiff sent a larger quantity of wine than was ordered; and

2. Because the alleged contract to purchase the wine was within the statute of frauds, and therefore void. The motion was denied.

The defendant, in his testimony, denied that he ever agreed to receive the wine, or that he went to Brigham's with either of the plaintiffs on the occasion above mentioned.

The only portion of the charge to the jury to which exception was taken, is as follows: " If it was understood between the parties that the delivery of the wine in the cellar of Mr. Brigham was to be a delivery of it, and that the defendant was to take it from there, that would constitute a new agreement."

The court further instructed the jury that the original contract of purchase was within the statute of frauds, and therefore void.

The verdict and judgment were in favor of the plaintiffs for the contract price of the wine and interest thereon from October 1, 1872. The defendant appealed.

*Emil Wallber*, for appellant, argued that the agreement for the sale of the wine was void by the statute, it being a verbal one, and the price greater than fifty dollars. R. S., ch. 107, sec. 3; 2 Tay. Stats., p. 1256; *Hardell v. McClure*, 2 Pin. Wis., 289; *Hooker v. Knab*, 26 Wis., 511. The motion for a nonsuit should therefore have been granted. It was competent for the parties to make a new agreement; but, to take the new contract out of the statute, plaintiffs should have proven a delivery to defendant of the wine or a part thereof, which they had failed to do. The promise alleged to have been made by defendant, even if made, to take the wine from the warehouse at some future time, without evidence that it was so taken, or of any other act on the part of defendant in relation thereto, is not a sufficient delivery to satisfy the statute. That part of the charge excepted to was therefore erroneous, and tended to mislead the jury.

*Cotzhausen, Sylvester & Scheiber, contra.*

Dietrich vs. Koch and another, impleaded, etc.

LYON, J. If the purchaser of goods under an agreement otherwise void by the statute of frauds, accepts a delivery of the goods, or some part of them, either when the agreement is made, or afterwards, such agreement thereby becomes a valid and binding contract. This proposition is too well settled to require the citation of authorities to sustain it.

The plaintiffs' testimony tended to prove an acceptance of the three casks of wine, by the defendant, in the summer of 1871. This rendered it necessary that the case be submitted to the jury, to find whether there was such an acceptance. If the defendant accepted the wine, neither the statute of frauds, nor the alleged excess in filling the order therefor, is of any importance. Hence the motion for a nonsuit was properly denied on both grounds.

The instruction to which exception was taken, considered in connection with the other portions of the charge, amounts only to this: that if the defendant accepted delivery of the wine at the cellar of Mr. Brigham, he thereby became liable to the plaintiffs for the agreed price thereof. We find no error in the instruction.

*By the Court.* — The judgment of the circuit court is affirmed.