V. E. FARMER, PLAINTIFF IN ERROR, V. GRAY, BURT & KINGMAN, DEFENDANTS IN ERROR.

1. **Sale:** ACCEPTANCE OF PART OF GOODS SOLD. Where a verbal order for goods is entire, the acceptance of a part of the goods though shipped at a different time from the other, will make the entire contract valid.

2. ————: REFUSAL TO RECEIVE AFTER PURCHASE. In an action on such contract for certain goods not accepted, an instruction in effect that upon the acceptance of a part the " defendant could not refuse to receive and accept such goods even if they did not correspond in quality and quantity with the goods ordered," is erroneous.

3. ————: INSTRUCTIONS HOW TO SHIP: PLEADING. A defense that goods were improperly shipped over a different railroad from that directed, in consequence of which they were damaged, to be available must be pleaded.

ERROR to the district court for Lancaster county. Tried below before POUND, J.

*Lamb, Ricketts & Wilson,* for plaintiff in error, cited: Benjamin Sales, 134. *Atwood v. Lucas,* 53 Me., 508. *Young v. Wakefield,* 121 Mass., 91.

*Harwood & Ames* and *A. C. Platt,* for defendants in error, cited: *McKnight v. Dunlop,* 5 N. Y., 537. *Jenness v. Wendall,* 51 New Hamp., 63. Benjamin Sales, 167–170. 4 Wait's Actions and Defenses, 478.

MAXWELL, J.

On or about the 9th of June, 1882, the plaintiff, at Lincoln, Nebraska, purchased by sample of one of the defendants' traveling men, certain goods to the amount in value of about $300. The defendants are wholesale grocers in the city of Chicago, and on or about the 15th of that

28

month, shipped all of the goods ordered, except one sack of rice, over the Rock Island & Pacific Railway to the plaintiff. About the 21st of that month the rice was shipped over the same route to the plaintiff. The goods first shipped were greatly damaged and partially destroyed in a cyclone at Grinnell, Iowa, and reached Lincoln in a bad condition, and the plaintiff refused to receive them. He afterwards received the rice and paid for it. This action is brought to recover for the goods first shipped. The defense consists of certain denials; that the goods did not correspond with the samples; that the contract was verbal only, and no note or memorandum in writing was made of said sale, the value being more than $50, and that no part of the goods were accepted, etc.

A set-off for the sum of $15.60 is also pleaded, but which need not be considered.

On the trial of the cause the jury returned a verdict for the sum of $277.63, upon which judgment was rendered.

1.    It is claimed on behalf of the plaintiff in error that the contract is within the statute of frauds, being oral. All the testimony, however, shows that but one order was given for the goods including the rice—that the order for the goods was entire. This being so, the acceptance of a part of the goods takes the case out of the statute of frauds.

In *Champion v. Short*, 1 Camp., 53, the defendant, a resident of Salisbury, ordered from the plaintiff, a wholesale grocer of London, "half a chest of French plums, two hogsheads of raw sugar, and one hundred lumps of white sugar, all to be sent down without delay." The plums and raw sugar were sent to the defendant almost immediately, but the white sugar not coming as soon as expected, the defendant countermanded it and gave notice to the plaintiff that as he desired the two sorts of sugar together, and not having received the white he would not accept the raw. He used the plums, and the action was brought to

recover the price of the plums and raw sugar. It is said "where several articles are ordered at the same time, it does not follow, although there be a separate price fixed for each, that they do not form one gross contract. I may wish to have articles A, B, C, and D, all of different sorts and different values; but without having every one of them as I direct, the rest may be useless to me. I therefore bargain for them jointly. Here had the defendant given notice that he would accept neither the plums nor the raw sugar, as without the white sugar they did not form a proper assortment of goods for his shop, he might not have been liable in the present action * * * * If the raw sugar was of the quality agreed on, and was delivered in a reasonable time, he is liable to the plaintiff for the price of it." In the case at bar, the rice was ordered at the same time with the other goods, and although not sent till a few days afterwards, still this did not sever the contract. Brown on St. of Frauds (4th ed.), §. 335. Story on Sales, § 244 a. The statute of frauds therefore, is no defense.

2. The court instructed the jury that if Farmer had accepted part of the goods he "could not refuse to receive and accept such goods (those shipped June 15th, 1882), even if they did not correspond in quality and quantity with the goods ordered," etc. Such an instruction might be proper in some cases, but certainly not in this. Here the larger part of the goods was greatly injured in a cyclone in Iowa, and apparently because of their damaged condition were not received by the plaintiff in error. There was an implied warranty on the part of the sellers that the goods should be equally as good as the samples. Unless there had been a personal inspection of all the goods, or some act of the buyer to indicate his satisfaction with the purchase, or an exercise of ownership, he certainly would not be precluded from proving the facts. Brown on St. of Frauds, §§ 330–331. Story on Sales, §.

276, and cases cited. The court therefore erred in giving this instruction.

The principal defense relied upon was the failure to ship over the C. B. & Q. R. as directed; but we find no defense of this kind set up in the answer. It is therefore unavailing.

For the error in giving the above instruction the judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.