CHARLES ORTLOFF and another *vs.* EMIL KLITZKE.

April 11, 1890.

Statute of Frauds—Sale—Delivery.—The delivery requisite to take a verbal agreement for the sale of goods out of the statute of frauds may be subsequent to such agreement.

Appeal by defendant from an order of the district court for McLeod county, *Edson*, J., presiding, refusing a new trial after verdict for plaintiffs.

*R. H. McClelland*, for appellant.

*W. F. Schoregge*, for respondents.

GILFILLAN, C. J. Replevin for a threshing-machine. The machine originally belonged to the plaintiffs, Ortloff and Schuft, as tenants in common. Defendant claims to have purchased the interest of Schuft, and to have taken possession, and to have been in possession when the action was commenced, under that purchase, and as a tenant in common with Ortloff. The value of the machine was from $400 to $600. On the trial, there was some evidence on the part of the defendant of an oral agreement between him and Schuft for the sale by the latter to him of his interest in the machine,—no part of the purchase price being paid at the time, and there being then no delivery of the machine. There was also evidence that subsequently Schuft told defendant to take the machine, and he accordingly took it. This would tend to show a subsequent delivery and acceptance pursuant

to the oral contract of sale. The court instructed the jury that if at the time of the alleged sale there was no immediate delivery, and no part of the purchase price paid, and no written contract of sale, they should find for the plaintiffs; and also that there must be some memorandum made, unless there is an immediate delivery at the time the contract was made. This was error, as, if the jury had found—and under the evidence they might have found—that there was a subsequent delivery and acceptance, it would have satisfied the statute. The delivery requisite to take a verbal agreement for the sale of goods out of the statute of frauds, may be subsequent to the agreement. *McCarthy* v. *Nash*, 14 Minn. 95, (127;) *Gaslin* v. *Pinney*, 24 Minn. 322. We do not see any other substantial error in the case.

Order reversed.