Grant vs. The Diebold Safe & Lock Co.

GRANT, Appellant, vs. THE DIEBOLD SAFE & LOCK COMPANY, Respondent.

*May 1 — May 20, 1890.*

*Contract for benefit of third person: Parties.*

The plaintiff, in a contract to do the wood-work and masonry upon a county jail, agreed with the county that he would look solely to the other contractors for any damages caused by their delay. With knowledge of such agreement, the defendant contracted with the county to do the iron-work on the jail in such time as not to delay the plaintiff. *Held,* that for a breach of the latter agreement the plaintiff could maintain an action directly against the defendant.

APPEAL from the Circuit Court for *Ashland* County.
The case is stated in the opinion.

For the appellant there was a brief by *Lamoreux & Gleason,* and oral argument by *C. A. Lamoreux.* They cited *Kollock v. Parcher,* 52 Wis. 393; *Hendrick v. Lindsay,* 93 U. S. 143; *Norwood v. De Hart,* 30 N. J. Eq. 412; *Vrooman v. Turner,* 69 N. Y. 280; *Merriman v. Moore,* 90 Pa. St. 81; *Clodfelter v. Hulett,* 72 Ind. 141.

For the respondent there was a brief by *Dockery & Kingston,* and oral argument by *E. J. Dockery.*

ORTON, J. The plaintiff is the assignee of his partner's interest in the contract, and therefore I will speak of him as the contracting party. The plaintiff entered into a written contract with Ashland county to build a county jail, so far as the wood-work and masonry were concerned, September 7, 1887, in which it was agreed that the county of Ashland should not be liable in any manner for or on account of any damage or delay by any other contractor on said building, but the plaintiff should look solely and exclusively to said other contractor for remuneration for any such damage caused by such other contractor's delay or otherwise. The defendant, a foreign corporation, on the

Grant vs. The Diebold Safe & Lock Co.

same day entered into a written contract with said county to do the iron-work on said building, and in such time as not in any way to delay the builder of said jail. After so setting out the contracts, the plaintiff avers in his complaint that he was the builder of said jail referred to in said last-mentioned contract, and that the defendant knew of these provisions of the contract with the plaintiff, and knew that he could not look to the county for any delay caused by any other contractor, and that he must look to such other contractor therefor, and that said provision in the defendant's contract was made for the benefit of the plaintiff.

There is an averment in the complaint that the defendant, knowing the provisions of the contracts aforesaid, and in view thereof, promised and agreed with the plaintiff that it would be responsible for any and all damages which might be caused the plaintiff by reason of its delay in constructing the iron-work of said jail according to the provisions of its contract with said county, or otherwise. This last averment would seem to be a general conclusion from the foregoing, and not a part of the written contract, or an independent agreement of the defendant, and so the learned counsel of the respondent treat it in their brief. But the learned counsel of the appellant insist in their brief that such special promise and agreement were actually made by the defendant.

At all events, we shall treat the cause of action as depending upon the stipulations of the written contracts. The breach is that the defendant did not construct the iron-work for said jail in the time agreed upon, and thereby greatly delayed and hindered the plaintiff in his part of the work upon said jail, so that the plaintiff was obliged to carry on his part of the work upon said jail at unreasonable times and in small parts, and at great additional costs and expenses, to the plaintiff's damage in the sum of $1,213.10.

Judgment is demanded for such amount. This is substantially the complaint. The court sustained a demurrer to the complaint on the ground that it stated no cause of action, and this appeal is from such order.

From the fact that the defendant knew of this peculiar provision of the plaintiff's contract, that he should look to the defendant for any damages for delay caused by the defendant, and not to the county, when it entered into its contract with the county not to delay the plaintiff in his part of the work, the two contracts in these respects should be construed together as having direct relation to each other, if not as one contract. In this way the intention of the parties by these provisions is apparent. The county evidently wished to avoid all liability and litigation on account of delays of the plaintiff by the defendant, and make the defendant directly liable to the plaintiff therefor. If the defendant caused delays of the plaintiff's work by failure to do its work in proper time, the county would be liable to the plaintiff therefor, and the county could hold the defendant responsible therefor. It is therefore provided that the defendant should be directly liable to the plaintiff instead of the county, and the county should be exempt from liability. In this view, if the plaintiff's damages had been liquidated when these stipulations were made, the case would be like *Kimball v. Noyes*, 17 Wis. 695, where A. entered into a written contract with B. to pay B.'s debt to C., and it was held that C. could maintain an action against A. in his own name. It is also like *Cook v. Barrett*, 15 Wis. 596, where A. owes B., and C. owes A. the same amount; and it was agreed by and between all the parties that B. should release his debt against A., and look to C. alone for payment. It was held a valid contract, and that B. could recover against C. In this case, calling it a legal liability instead of a debt, the plaintiff released the county, and

agreed to look to the defendant alone, and the defendant agreed to become responsible to the plaintiff. Why is it not a valid agreement between them all?

But there is another principle equally well established, and that is that a person may recover on an agreement made with another for his special benefit. To illustrate by cases in this court: If one sells chattels to another, and agrees to pay all liens upon them, the persons holding such liens may enforce them against the vendor, because the promise was made for their benefit, although not parties to the agreement. *Kollock v. Parcher*, 52 Wis. 393. Where one sells his land and personal property to another, and the vendee agrees to pay part of the consideration by paying all the debts of the vendor, any holder of any such debt may sue the vendee therefor, and thus avail himself of his promise to the vendor made for his benefit. *Bassett v. Hughes*, 43 Wis. 319. Once for all, the principle laid down in this case, and applicable to all like cases, is: "It is the settled law of this state that when one person, for a valuable consideration, engages with another (whether by simple contract or by covenant under seal) to do some act for the benefit of a third person, the latter may maintain an action against the promisor for breach of the engagement." *Cotterill v. Stevens*, 10 Wis. 422; *Putney v. Farnham*, 27 Wis. 187; *McDowell v. Laev*, 35 Wis. 171; and the cases *supra*, and other cases cited by appellant.

Is this principle applicable to this case? The learned counsel of the respondent contends that it is not, because there is (1) no consideration for the engagement of the defendant not to injure the plaintiff by delays in its iron-work on the jail; and (2) no privity between the parties. In the cases cited above, the consideration in one was the purchase money of the chattels, and in the other the personal property and the land sold; in the first for the vendor to pay

the liens, and in the other for the vendee and grantee to pay the debts of the vendor and grantor.   In all such cases the consideration of the promise is the same as that for any other stipulation of the contract.   The consideration of the contract between the two parties for the benefit of a third party is the consideration for the promise to the third party. The defendant, in consideration of the money it was to receive, agreed to do the iron-work of the jail; and agreed further, for the same consideration, to do it in a particular manner and time, so as not to delay and damage the plaintiff.   It was a similar consideration between the plaintiff and the county for the plaintiff's release of the county for the delays of the defendant, and for his promise to look to the defendant alone for his damages on account of such delays. Knowing this, the defendant made its agreement for the plaintiff's benefit, instead of the benefit of the county, in consideration of what it was to receive from the county on its contract.   As to the *privity* of the parties, there is the same privity as that between the promisor and the promisee in any case, and the same privity as in all the above cases.

It is by no means certain that the defendant would not be liable to the plaintiff, the other contractor on the job, if it should injure him by unnecessary delays in doing the iron-work, without any direct promise not to do so.   In such a case there would be a conjunction of wrong and damage or injury which is the basis of liability and constitutes a good cause of action.   But this is aside from this case. We are clearly satisfied that the complaint states a good cause of action and is not liable to the demurrer.

*By the Court.*— The order of the circuit court is reversed, and the cause remanded for further proceedings according to law.