JOSEPH GABRIEL V. THE KILDARE ELEVATOR CO.,
a Corporation

(Filed February 14, 1907.)

1. CONTRACTS—Statute of Fraud—Acceptance of Goods. A delivery
   and acceptance at any subsequent time of any part of the goods
   or chattels which are the subject of an oral agreement and within
   the statute of frauds takes the contract out of the statutes of
   frauds and makes valid the entire contract.

2. PETITION—Sufficient, When—General Demurrer. A petition which
   alleges the making of an enforceable contract and a breach by
   the defendant, will entitle the defendant to nominal damages
   and is sufficient to withstand a general demurrer.

(Syllabus by the Court.)

*Error from the District Court of Kay County; before.
Bayard T. Hainer, Trial Judge.*

*Green & Martin,* for plaintiff in error.

*C. L. Pinkham,* for defendant in error.

Opinion of the court by

BURFORD, C. J.:   This cause comes up on a transcript
and the only question presented is the sufficiency of the pe-
tition to state a cause of action.   The cause of action is one
to recover damages for the breach of an oral contract to de-
liver corn.   The plaintiff below, The Kildare Elevator Co.,
alleged that it entered into an oral agreement with the de-
fendant, Gabriel, by which he agreed to sell and deliver to

The Kildare Elevator Company 200 bushels of ear corn, at 30 cents per bushel, and 1000 bushels of shelled corn at 31 cents per bushel. That pursuant to said agreement Gabriel delivered 52 bushels of corn, which was accepted and paid for at the agreed price. That Gabriel then refused to deliver any more of the corn, although the company was able, ready and willing to take and pay for the same. That the plaintiff was damaged by such failure in the sum of one hundred dollars, for which judgment was prayed. The cause was tried to a jury in the district court and a verdict was returned in favor of the plaintiff and judgment entered for $55 and costs. This proceeding is to reverse that judgment.

The plaintiff in error contends that the petition is fatally defective for two reasons: First, that the contract was within the statute of frauds and the subsequent delivery and acceptance of part of the corn did not operate to take the contract out of the statute; and second, that no sufficient allegations of damages are set out to entitle the plaintiff to recover. We think there is no merit in either contention. Our statute, sec. 780, Wilson's Stat. vol. 1, page 312, provides:

"The following contracts are invalid, unless the same or some note or memorandum thereof be in writing and subscribed by the party to be charged, or his agent.  *  *  *  *  Fourth, an agreement for the sale of goods, chattels, or things in action, at a price not less than fifty dollars, unless the buyer accept or receive part of such goods and chattels, or the evidences or some of them, of such things in action, or pay at the (time) some part of the purchase money, * * *."

This provision has been construed by almost every American court of last resort, and the authorities are uniform, to

the effect that a delivery of any portion of the goods or chattels contracted for at any subsequent time and their acceptance makes the contract an enforceable one.

In Meecham on Sales, vol. 1, sec. 401, it is said:

"It is not essential that the part delivery, acceptance and receipt should be at the time of making the contract. The parol agreement, unless revoked, may stand for a mutual agreed proposition, at least for a reasonable time, where none is fixed, and the subsequent acceptance and receipt, while the proposition remains open, of a portion of the goods which were the subject of the parol negotiation, will make the entire contract effective."

In *Rreky v. Tenbroeck,* 63 Mo. 563, the contract was an oral one for the sale of a lot of cattle, part to be delivered in one week and the remainder in installments as the buyer might require; and the court held that though the contract was void under the statute, it was a good proposition concerning the price and the subsequent delivery and acceptance of the first installment without any change in the agreement, made it binding and took it out of the statute.

In *Farmer v. Gray,* 16 Neb. 401, the court held that where the contract is entire, the acceptance and receipt of a part of the goods will validate the entire contract.

In *Gilbert v. Lichtenberg,* 98 Mich. 417, 57 N. W. 259; there was a sale of three carloads of onions and it was held that the delivery and acceptance of one carload after the contract was made, satisfied the statute as to the whole transaction.

In *Slater Brick Co. v. Shackleton,* 76 Pac. 805, the supreme court of Montana said:

"The receipt and acceptance of the property sold need not be concurrent with the time of sale, but may occur at any time thereafter," also, "If the defendants took the place of White & Co., and received and accepted a portion of the goods and paid a portion of the price, the contract was equally placed beyond the statute. The supreme court of Idaho, in *Coffin, et al. v. Bradbury. et al.*, 35 Pac. 715, said 'Receipt and acceptance of the property sold at any time after making the contract, takes the contract out of the statute of frauds.'"

To the same effect are *Buckingham v. Osborn*, 44 Conn. 133; *Bush v. Holmes*, 53 Me. 417; *Townsend v. Hargraves*, 3 Gray, 335; *Ortloff, et al. v. Klitze*, 44 N. W. 1085; *Riley v. Bancroft*, 71 N. W. 745; *Jackson v. Tupper, et al.*, 101 N. Y. 515; *McKnight v. Dunlop*, 5. N. Y. 537; *Danforth & Co., v. Walker*, 40 Vt. 257; *Cotterill v. Clarens*, 10 Wis. 422.

The acceptance and receipt need not be contemporaneous with the making of the agreement, but may take place at any time before the contract is sought to be enforced. 20 Cyc., p. 247.

The second objection urged against the petition, that it fails to properly or sufficiently state the measure of damages, is not tenable. There is a general allegation of damages and there was no motion to make it more definite or specific. The allegations of an enforceable contract and the averments of a breach on the part of the defendant, entitle the plaintiff to nominal damages and are good as against a general demurrer. *Cowley v. Davidson*, 10 Minn. 392; *Sunnyside Land and Improvement Co. v. Williamette Bridge Ry. Co.* 26 Pac. 835.

21-Vol.- 18

The judgment of the district court of Kay county is affirmed, at the costs of the plaintiff in error.

Hainer, J., who presided in the court below, not sitting; all the other Justices concurring.