## JACOBS v. SAM I. HYNDS & CO.

No. 10246—Opinion Filed July 26, 1921.

Rehearing Denied Aug. 26, 1921.

(Syllabus.)

1. **Frauds, Statute Of — Sale of Cotton — Validity — Part Performance.**

Plaintiff purchased from defendant twenty bales of cotton at the agreed price of fourteen and one-half cents per pound. The cotton so purchased was to be delivered within ten days. At the time of the contract, no part of the cotton was delivered by the defendant, no portion of the consideration was paid by the plaintiff, no writing or memorandum was signed by either party. Afterwards, the defendant delivered five bales of the twenty so purchased; and later, when demand was made for the remaining fifteen bales, defendant refused to deliver the same. Held, that the delivery and the acceptance of the five bales satisfied the statute of frauds, and rendered the contract valid.

2. **Gaming — Speculative Contracts — Validity—Dealing in Futures.**

Dealing in futures is purely a speculative transaction, in which there is an agreement to sell for future delivery but at the time of sale there is no intention that delivery will be executed. The party selling does not at the time have or expect to have the property contracted to be sold, nor does the purchaser expect to receive the property; it being the understanding of the parties that at the appointed time the purchaser is merely to receive or pay the difference between the contract and the market price. Such contracts are void, as contrary to public policy, and which the law will not sustain.

Error from District Court, Atoka County; J. H. Linebaugh, Judge.

Action by Sam I. Hynds & Company against B. Jacobs for damages for failure to deliver cotton sold. Judgment for plaintiff, and defendant brings error. Affirmed.

J. G. Ralls, for plaintiff in error.

Utterback & MacDonald and Gordon Fryer, for defendant in error.

PITCHFORD, J. Sam I. Hynds & Company recovered judgment in the district court of Atoka county, Oklahoma, against B. Jacobs for the sum of $199.62, to reverse which this appeal is prosecuted.

The evidence, as disclosed by the record, tends to show that A. C. Hill, of Caddo, Oklahoma, was employed as a cotton buyer by Sam I. Hynds & Company; that on the 11th day of September, 1916, he purchased from the defendant, for his principal, twenty bales of cotton at the agreed price of fourteen and one-half cents, basis middling, the cotton to be delivered within ten days. At the time of the purchase, no written contract of sale and purchase was entered into by the parties, no portion of the consideration was paid, and no part of the cotton was delivered. On the 26th day of September, thereafter, the defendant delivered five bales of the twenty bales so purchased, the price paid for the five bales being fourteen and one-half cents per pound. These five bales were paid for by a draft drawn by Hill on his principal, Sam I. Hynds & Company. Demand was made on the defendant for the remaining fifteen bales, which demand was refused, whereupon plaintiff went into the open market and purchased fifteen bales of cotton and instituted this action for the difference between the price agreed to be paid to the defendant and the price the plaintiff had to pay in the open market.

The evidence further shows that, on the date of the purchase of the twenty bales, middling cotton was quoted at 14.69 on the New Orleans Cotton Exchange, and on the 26th day of September, 1916, the same grade of cotton was quoted at 15.50. Hill testified that, at the time he purchased the twenty bales from defendant, he was advised by the defendant that he had forty bales on hand, but that he did not wish to deliver the cotton on that date. Hill is corroborated by the testimony of other witnesses as to the contract of purchase.

The defendant, Jacobs, testified that he had no cotton on the date of the alleged sale; that he did not sell to the plaintiff twenty bales on the date claimed; that he did sell the plaintiff five bales of cotton, but that the sale of the five bales had no connection with any other sale, and gave as a reason why he sold the five bales on the 26th day of September for less than the quoted price that the bales were small, and that light bales sold for less than bales of standard weight.

The main contention argued by the defendant for reversal of the judgment is that the contract claimed by plaintiff for the sale of the twenty bales of cotton was void under the statute of frauds, for the reason that the cotton alleged to have been sold was not in existence at the time; that no part thereof was delivered, nothing was paid, and no contract in writing or memorandum signed by the party to be charged, or by his agent.

Section 941, Revised Laws of 1910, provides that:

"The following contracts are invalid, unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged, or by his agent."

Paragraph 4, of this section, provides:

"An agreement for the sale of goods, chattels, or things in action, at a price not less than fifty dollars, unless the buyer accept or receive part of such goods and chattels, or the evidences or some of them, of such things in action, or pay at the same time some part of the purchase money. * * * "

As to whether the judgment of the trial court should be affirmed or reversed, turns upon one proposition, Was the delivery of the five bales of cotton on the 26th day of September delivered and received as part of the twenty bales contracted for on the 11th, and if so, would the delivery of the five bales relate back to the date of the contract of sale of the twenty bales, and make the contract valid, and take the transaction out of the statute of frauds?

The case of Adams et al. v. King et al., 69 Oklahoma, 170 Pac. 912, is a case very much like the case at bar. In the cited case the plaintiffs alleged a parol contract by the terms of which defendants sold to plaintiffs 250 bales of cotton for delivery; that the defendants delivered, and the plaintiffs accepted, 100 bales of the cotton so sold; that defendants failed, neglected, and refused to deliver the remaining 150 bales. We quote from the opinion, as follows:

"If there was competent evidence to show the delivery of 100 bales of the cotton by defendants and its acceptance by plaintiffs at any time after the contract was entered into, while it remained in force, such delivery and acceptance take the contract out of the statute of frauds and make it valid and enforceable. The Territorial Supreme Court in Gabriel v. Kildare Elevator Co., 18 Okla. 318, 90 Pac. 10, 10 L. R. A. (N. S.) 638, 11 Ann. Cas. 517, note, construing our statute of frauds found at section 941, Rev. Laws 1910, says: 'A delivery and acceptance, at any subsequent time, of any part of the goods or chattels which are the subject of an oral agreement and within the statute of frauds takes the contract out of the statute of frauds and makes valid the entire contract.' "

In Amson v. Dreher, 35 Wis. 615, the court said:

"If the purchaser of goods, under an agreement otherwise void by the statute of frauds, accepts a delivery of the goods or some part of them, either when the agreement is made or afterwards, such agreement thereby becomes a valid and binding contract. This proposition is too well settled to require the citation of authorities to sustain it."

It is further contended by the defendant that the evidence shows the transaction, claimed by the plaintiff, amounts to a deal in "futures", and is in violation of the laws of this state, and would be void for that reason. We have carefully considered the evidence and fail to find wherein the defendant's contention on this point is sustained. As we view the transaction, the same cannot be designated as a deal in "futures", which is prohibited by our statutes. Dealing in "futures", as defined by section 2486, Revised Laws of 1910, is purely a speculative transaction, in which there is an agreement to sell for future delivery, but at the time of sale there is no intention that delivery will be executed. The party selling does not at the time have or expect to have the property contracted to be sold, nor does the purchaser expect to receive the property; it being the understanding of the parties that, at the appointed time, the purchaser is merely to receive or pay the difference between the contract and the market price. Such contracts are void, as contrary to public policy, and which the law will not sustain.

The defendant further complains of the admission of certain evidence. We have examined the entire record, and fail to find wherein there was any substantial errors on the part of the court in admitting the evidence. The error, if any, was harmless. The theories of the plaintiff and defendant, respectively, were submitted to the jury under proper instructions, and, as we view the record, there was sufficient competent evidence to reasonably support the verdict of the jury.

We conclude that the judgment of the trial court should be affirmed, and it is so ordered.

JOHNSON, MILLER, ELTING, KENNAMER, and NICHOLSON, JJ., concur.