## GOURLEY v. LOOKABAUGH.

No. 4322. Opinion Filed June 8, 1915.

(149 Pac. 1169.)

1. DAMAGES—Breach of Contract—Nominal Damages. In an action for breach of contract, if proven, the plaintiff may recover nominal damages, even though no appreciable injury has been shown.

2. PLEADING—Demurrer. Where the pleader undertakes to allege two different remedies or rights of recovery upon the same state of facts, and the question is presented as to which of said remedies, if either, is proper, a general demurrer to said petition should be overruled if the allegations in support of either of such remedies contain facts sufficient to constitute a cause of action; and, under such a condition of the pleadings, this court will not undertake to point out the proper remedy, but will simply pass upon the question raised by the demurrer to the whole petition.

(Syllabus by Robberts, C.)

*Error from District Court, Oklahoma County;*

*W. R. Taylor, Judge.*

Action by A. R. Gourley against H. C. Lookabaugh. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*A. R. Gourley, pro se,* and *S. A. Horton,* for plaintiff in error.

*Warren K. Snyder,* for defendant in error.

Opinion by ROBBERTS, C.   Error from the district court of Oklahoma county.   On the 1st day of December, 1911, the plaintiff below, who is also plaintiff herein, filed his second amended petition against the defendant below, who is defendant herein, as follows:

"Plaintiff for his cause of action against the defendant alleges and avers:   That on or about the 21st day of February, 1910, the plaintiff contracted and did sell the defendant the following described real estate, to wit [land described], for which the defendant agreed to pay the plaintiff the sum of $2,000; that the defendant paid the plaintiff on said contract $250, and agreed to pay the remainder of said sum as follows:   Two hundred dollars six months from and after the 21st day of February, 1910, and $200 each six months until the same should be paid in full; and that said contract further provides that the defendant should pay 8 per cent. interest on said $2,000 from its date thereof until paid.

"The plaintiff alleges and avers:   That the defendant had failed to carry out the terms of said contract, for the reason that he has failed and neglected to carry out said contract by paying any installments or interest; and that he is now indebted to the plaintiff in the sum of $600 for six installments due, together with interest on the $2,000, or the sum of $240; and that the defendant is indebted to the plaintiff in the sum of $840 upon said contract; and that he has failed and refused to carry out his said contract.   By the terms of said contract he agreed to pay $200 every six months and interest as aforesaid; and, further, by the terms of said contract the defendant is to forfeit all the payments as liquidated damages in case of his failure to pay any two or more installments of interest.

"The plaintiff alleges that said property has depreciated in value, and is not now worth to exceed the sum of $840; and that this plaintiff has been damaged by the reason of the failure to carry out said contract in the difference between the $2,000, the contract price, and the $2,000 and $840 interest thereon. Wherefore the plaintiff prays that he have and recover of and from the defendant the sum of $840 and interest thereon at the rate of 8 per cent. from this date.

"A full, true and correct copy of said contract is hereto appended, marked 'Exhibit A,' referred to and made a part of this second amended petition."

### "Contract for Deed.

"This agreement made this 21st day of Feb., 1910, by and between A. R. Gourley of Oklahoma City, Okla., party of the first part and H. C. Lookabaugh of Blaine county, Oklahoma, party of the second part: Witnesseth: That for and in consideration of ($250.00) two hundred and fifty dollars in hand paid to the party of the first part by the party of the second part, the receipt of which is hereby acknowledged and for and in consideration of the mutual covenants and agreements herein entered into and upon the complete payment of the party of the first part the sum of money hereinafter specified, party of the first part does hereby agree to furnish a good and sufficient warranty deed to the party of the second part the following described tract or parcel of land situated in Cleveland county, Oklahoma, to wit [land described].

"And the said party of the second part does hereby agree in addition to the payment of the above specified sum of money to pay to the said first party the further sum of two thousand dollars ($2,000.00) to be paid in installments of two hundred dollars ($200) each six months until the full sum of two thousand dollars ($2,-000.00), shall have been paid, the first payment to be due August 21, 1910, and like sums each six months thereafter.

Gourley v. Lookabaugh.

"First party agrees to execute and deliver to any part or subdivision of this property a good and sufficient warranty deed any time during the pendency of this contract upon payment of the said first party of the full amount of said sale in cash, provided, however, the amount so paid shall not be less than a proportional part of unpaid balance due under this contract.

"All payments to bear interest at the rate of 8% per annum, payable semiannually and any part of the principal may be paid at any time to stop interest.

"It is further agreed and stipulated by and between the parties that time is the essence of this agreement and upon default upon the part of the party of the second part on payment of two or more installments the said second party shall forfeit to the party of the first part as liquidated damages any such sum or sums as may have been paid under this agreement and all other rights and interest accruing to said second party hereunder.

"It is further stipulated by and between the said parties that this contract shall in case of death of either or any of the said parties be binding upon the heirs, administrators, assigns of said deceased party or parties.

"It is further agreed that this contract shall be assignable by the party of the second part. This contract is made in duplicate, a copy of which is to be retained by each of the parties hereto."

Thereafter, on the 9th day of December, the defendant filed a demurrer to said petitoin, which is as follows:

"Now comes the defendant, H. C. Lookabaugh, by his attorney, Warren K. Snyder, and after leave of court had and granted, files this his demurrer to the amended petition, described as the second amended petition, and by way of and for grounds of demurrer says:

"First. That the second amended petition does not state or contain facts and allegations sufficient to constitute a cause of action in favor of the plaintiff and as against this defendant.

"Second. That the contract or exhibits sued on shows upon its face that time is of the essence of the contract, and that the same is in the nature of an option to buy real estate and fixes the measure of recovery as liquidated damages for breach of the same as the amount paid by defendant to plaintiff on the contract, and it alleges the $250 has been paid.

"Third. The said amended petition does not allege or aver when the real estate depreciated in value, and it does not fix definitely any period of time when plaintiff alleges it was worth its present claimed value, and no proper measure of damages is alleged to have been sustained or sought to be recovered.

"Wherefore this demurring defendant prays the judgment of the court that this his demurrer be sustained with costs."

On the same day the court sustained said demurrer. The following is the full and complete record of the court in its final disposition of the case:

"At this time this case is called on demurrer to the second amended petition. Same is sustained, exception allowed, and 60—10—5 given for case-made."

There is no final judgment or other order disposing of the case, but we take it as settled in this court that an appeal will lie from an order of the district court sustaining a general demurrer to the petition, prior to entering of final judgment against the pleader. *Continental Gin Co. v. Huff*, 25 Okla. 798, 108 Pac. 369.

Counsel for both parties have devoted too much time and space in their briefs in attacks on each other, and other criticisms, to be of much assistance to the court. Were it not for the personal regard the writer of this opinion has for both counsel and the knowledge that such conduct is not common with them, we would have stricken

the briefs from the files. After sifting the personal attacks out of the brief of counsel for defendant in error, we gather that he takes the position, among others, that an action will not lie to recover installments, or partial payments, of the purchase price of real estate as they mature, but the vendor must wait until all the payments or installments fall due, and then tender, or offer to tender, a deed for the premises, otherwise he is remitted to his remedy to recover his damages for a breach of the contract to purchase, as provided in section 2859, Rev. Laws 1910, which is as follows:

"The detriment caused by the breach of an agreement to purchase an estate in real property, is deemed to be the excess, if any, of the amount which would have been due to the seller under the contract, over the value of the property to him."

After a most careful study of the plaintiff's petition we must admit that it is difficult to tell upon which theory he is seeking to recover—whether on the past-due installments, or for damages for the breach. The original petition was a plain statement to recover on the past-due installments, but by the motion and demurrers of counsel for the defendant, lodged against that petition, plaintiff appears to have been driven to a position between His Satanic Majesty and the deep sea to such extent that it is practically impossible to tell upon which theory he now seeks to recover. But laying that all aside, and without attempting to decide herein the theory upon which plaintiff seeks to recover, we still have before us the questions presented by the demurrer, viz.: Does the petition state facts sufficient to entitle the plaintiff to recover on either or any theory? If it does, then the demurrer should have been overruled. Let us see. The petition alleges that:

"The plaintiff contracted and did sell the defendant certain real estate * * * for which the defendant agreed to pay the plaintiff the sum of $2,000, that defendant has paid to plaintiff on said contract $240, and agreed to pay the remainder in installments of $200 six months from and after the 21st day of February, 1910, the date of the contract, and $200 each six months thereafter, until the whole amount is paid, and that defendant has failed and neglected to pay the installments as they became due, and there is now due thereon $600 as principal, and $240 as interest.

"He also alleges that the land is not now worth to exceed $840, and that plaintiff has been damaged by reason of defendant's failure to carry out and perform his part of the contract."

From the foregoing it must be apparent to all that the petition states a cause of action.

We are not called upon here to decide the peculiar right of recovery, nor the theory upon which a recovery may or may not be had, nor the amount of recovery or measure of damages, if any, to which he is entitled. Section 2891, Rev. Laws 1910, provides:

"When a breach of duty has caused no appreciable detriment to the party affected, he may yet recover nominal damages."

That may be the case here. We are not passing upon that proposition, and we again reiterate that the only question presented in this case, and the only question decided herein, is whether the petition states facts sufficient to entitle the plaintiff to recover any amount on any theory of the case. We think it does, and for that reason the case should be reversed and remanded to the lower court, with directions to overrule the demurrer.

By the Court: It is so ordered.