MORGAN v. STATE FARM MUTUAL AUTOMOBILE INSUR. CO.

Skip to Main Content
Accessibility Statement

Help
Contact Us

e-payments
Careers

Home
Courts
Decisions
Programs
News
Legal Research
Court Records
Quick Links

OSCN Found Document:MORGAN v. STATE FARM MUTUAL AUTOMOBILE INSUR. CO.

Previous Case

Top Of Index

This Point in Index

Citationize

Next Case

Print Only

MORGAN v. STATE FARM MUTUAL AUTOMOBILE INSUR. CO.2021 OK 27Case Number: 118881Decided: 05/25/2021THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2021 OK 27, __ P.3d __

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL.

 

GEORGE ANDREW MORGAN, Plaintiff/Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant/Appellee.

CERTIFIED QUESTIONS FROM THE UNITED STATES
COURT OF APPEALS FOR THE TENTH CIRCUIT

¶0 The United States Court of Appeals for the Tenth Circuit certified two questions of state law to this Court pursuant to the Revised Uniform Certification of Questions of Law Act, 20 O.S.2011 §§ 1601-1611.

CERTIFIED QUESTIONS ANSWERED.

Mark E. Bialick, R. Ryan Deligans, Durbin, Larimore & Bialick, Oklahoma City, Oklahoma, for Plaintiff/Appellant.

Galen L. Brittingham, John S. Gladd, Atkinson, Haskins, Nellis, Brittingham, Gladd & Fiasco, Tulsa, Oklahoma, for Defendant/Appellee.

KANE, V.C.J.:

¶1 The United States Court of Appeals for the Tenth Circuit certified to this Court two questions of law:

1. Where a plaintiff is injured by entry of an adverse judgment that remains unstayed, is the injury sufficiently certain to support accrual of a tort cause of action based on that injury under 12 O.S. § 95 before all appeals of the adverse judgment are exhausted?

2. Does an action for breach of an insurance contract accrue at the moment of breach where a plaintiff is not injured until a later date?

¶2 We answer the first question with a "no." When the injury alleged in a tort cause of action is an adverse judgment, the claim accrues when the appeal is finally determined in the underlying case. The entry of a judgment, which remains subject to appeal, is not sufficiently certain to support accrual of a cause of action for breach of the implied duty of good faith and fair dealing.

¶3 We answer the second question with a "yes." An action for breach of contract accrues when the contract is breached, not when damages result. The discovery rule does not apply to an action for breach of contract. The claim accrues when the contract is breached, regardless of whether the plaintiff knows, or in the exercise of reasonable diligence, should have known of the breach. However, the limitations period may be tolled if the defendant fraudulently concealed the cause of action.

I. CERTIFIED FACTS AND PROCEDURAL HISTORY

¶4 The federal court's certification order sets out the facts of this case. When answering a certified question, this Court will not presume facts outside those presented in the certification order. See Hamilton v. Northfield Ins. Co., 2020 OK 28, ¶ 4, 473 P.3d 22, 25. Our examination is confined to resolving legal issues. Id.

¶5 Plaintiff/Appellant George Andrew Morgan was driving drunk and hit Jesse Atkins with his truck at more than 40 miles per hour. Atkins was severely injured. Atkins's resulting medical bills totaled more than $2 million.

¶6 Defendant/Appellee State Farm Mutual Automobile Insurance Company provided liability insurance to Morgan at the time of the accident under a policy with a $100,000 limit. State Farm negotiated and executed a settlement with Atkins in April 2010 whereby State Farm paid its policy limit of $100,000 to Atkins and Atkins released his claims against Morgan.

¶7 During the same timeframe, Atkins pursued a workers' compensation claim in Kansas because he had been traveling for work when he was injured. The workers' compensation court issued a preliminary order for compensation, and the workers' compensation insurer began making payments to Atkins.

¶8 The workers' compensation insurer's subrogee, New York Marine and General Insurance Company (NYM), then sued Morgan in Oklahoma state court in June 2011 for reimbursement of the amounts paid to Atkins. NYM served that lawsuit on Morgan in January 2012. Morgan retained personal counsel to represent him in the action, but State Farm also provided counsel to Morgan and mounted a vigorous defense. Morgan and State Farm claimed that by releasing Morgan, Atkins severed any reimbursement claim NYM might have against Morgan due to NYM's status as subrogee. The trial court denied State Farm's motion for summary judgment on this basis on November 22, 2013. Then on February 27, 2014, a jury returned a verdict in favor of NYM in the amount of $844,865.89, finding that State Farm knew about NYM's potential claim but failed to apprise NYM of its pending settlement with Atkins. The judgment was entered against Morgan on April 8, 2014. The Oklahoma Court of Civil Appeals affirmed the judgment on June 10, 2016, and this Court denied certiorari on February 21, 2017. Mandate issued on March 23, 2017.

¶9 Morgan then brought this lawsuit against State Farm on May 23, 2017. He alleged State Farm's failure to secure NYM's release as part of its settlement with Atkins amounted to (1) breach of the implied duty of good faith and fair dealing; and (2) breach of contract. The United States District Court for the Western District of Oklahoma found that Morgan's claims accrued in 2010, when State Farm negotiated the original settlement with Atkins and, therefore, concluded the applicable two and five year statutes of limitations for the tort and contract claims, respectively, barred Morgan's suit.1 Morgan appealed the summary judgment to the Tenth Circuit Court of Appeals. The Tenth Circuit certified two questions to this Court.

¶10 In the certification order, the Tenth Circuit notes the record in this appeal does not contain evidence supporting a finding that Morgan suffered an injury resulting from State Farm's actions before NYM secured a judgment against him in April 2014.

II. REQUIREMENTS FOR ANSWERING CERTIFIED QUESTIONS

¶11 This Court has the discretionary power to answer certified questions of law if the certified questions are presented in accordance with the provisions of the Revised Uniform Certification of Questions of Law Act, 20 O.S.2011 §§ 1601-1611. When assessing whether we should answer a federal certified question of law, we address both factors mentioned in § 1602: (1) would the answer be dispositive of an issue in pending litigation in the certifying court; and (2) is there established and controlling law on the subject matter? See Siloam Springs Hotel, LLC v. Century Sur. Co., 2017 OK 14, ¶ 14, 392 P.3d 262, 266. In this case, answers to the certified questions would be determinative of issues in the underlying suit and both questions present issues of first impression for which there is no controlling Oklahoma precedent.

III. FIRST CERTIFIED QUESTION

Where a plaintiff is injured by entry of an adverse judgment that remains unstayed, is the injury sufficiently certain to support accrual of a tort cause of action based on that injury under 12 O.S. § 95 before all appeals of the adverse judgment are exhausted?

¶12 Morgan's tort cause of action against State Farm is for breach of the implied duty of good faith and fair dealing in connection with the handling of a third party claim. Morgan alleges that State Farm acted in bad faith by failing to obtain a release of the workers' compensation subrogation claim as part of the settlement with Atkins, which resulted in an adverse or excess judgment against him. The question of law presented is: when does a bad faith tort action based on an adverse or excess judgment accrue?

¶13 A bad faith tort action must be brought within two years "after the cause of action shall have accrued." 12 O.S.2011 § 95(A)(1); see Lewis v. Farmers Ins. Co., 1983 OK 100, ¶ 7, 681 P.2d 67, 70. "The elements of a cause of action arise, that is, the cause of action accrues when a litigant first could have maintained his action to a successful conclusion." MBA Commercial Constr., Inc. v. Roy J. Hannaford Co., 1991 OK 87, ¶ 13, 818 P.2d 469, 473. The essential elements for breach of the duty of good faith and fair dealing are: (1) the insured was covered under the insurance policy issued by the insurer and that the insurer was required to take reasonable actions in handling the claim; (2) the actions of the insurer were unreasonable under the circumstances; (3) the insurer failed to deal fairly and act in good faith toward the insured in their handling of the claim; and (4) the breach or violation of the duty of good faith and fair dealing was the direct cause of any damages sustained by the insured. See Badillo v. Mid Century Ins. Co., 2005 OK 48, ¶ 25, 121 P.3d 1080, 1093. A tort is not complete until there is an injury. "In order for a litigant to maintain a negligence action to a successful conclusion, the litigant must allege injury or damages that are certain and not speculative." MBA, 1991 OK 87, ¶ 15, 818 P.2d at 474 (negligence in preparation of architectural plans); accord Stephens v. Gen. Motors Corp., 1995 OK 114, ¶ 12, 905 P.2d 797, 800 (legal malpractice).

¶14 We look to other cases where the injury alleged is an adverse judgment. In Stephens v. General Motors Corp., 1995 OK 114, 905 P.2d 797, we determined a legal malpractice action does not accrue until the underlying adverse judgment against the client is finally determined on appeal. See id. ¶ 9, at 799. In Stephens, the client claimed counsel allowed the limitations period to run in her breach of warranty case and, as a result, the trial court entered summary judgment against her. Id. ¶¶ 2, 4, at 798. Summary judgment was affirmed by the Court of Civil Appeals on July 9, 1993, and the client's petition for rehearing was denied on November 22, 1993. Id. ¶ 2, at 798.

¶15 The client then brought a legal malpractice action against counsel on February 3, 1994. Id. ¶ 4, at 798. Counsel filed a motion to dismiss based on the two-year statute of limitations in 12 O.S.Supp.1993 § 95. Id. Counsel argued the client knew of her possible malpractice claim no later than December 19, 1990, when she received independent advice that she may have a malpractice claim. Id. ¶¶ 3-4, at 798. The client's position was her cause of action did not accrue until the appeal was decided. Id. ¶ 5, at 798. The trial court granted counsel's motion to dismiss. Id. On appeal, this Court found that "[p]rior to the affirmation of the summary judgment of the underlying case, [the client's] cause of action for malpractice had not accrued" and reversed the dismissal. Id. ¶ 12, at 800. We explained:

The underlying lawsuit in the case at bar, that being the lawsuit [the client] filed against the manufacturer of the mobile home, did not become final until the summary judgment granted by the trial court was affirmed by the Court of Appeals on July 9, 1993, and the petition for rehearing was denied on November 22, 1993. Until that time, the negligence claimed in the malpractice action would have been merely speculative. There were appealable issues that, until addressed by an appellate court, rendered the granting of summary judgment by the trial court non-final. For us to hold otherwise would allow a possible loophole in malpractice law, permitting malpractice to be defeated by merely tying the case up in the appellate system until after the statute of limitations has run.

Id. ¶ 11, at 799-800.

¶16 We are also guided by decisions involving bad faith claims arising from the insurer's failure to settle. This Court has not yet had the occasion to address when a bad faith action based on the insurer's failure to settle accrues. But, courts in other jurisdictions have determined the bad faith action does not accrue until the adverse or excess judgment in the underlying case is final and non-appealable.2 The Arizona Supreme Court explained its rationale behind this conclusion:

The policy underlying the final judgment rule is clear. First, it is impossible to determine if the insurer acted in bad faith, or the extent of the insured's damages, until the underlying liability is finally determined. Second, because the usual essential element of the insured's third-party bad faith case--the entry of a judgment in excess of policy limits--may be reversed or modified on appeal, a different rule would result in precautionary and duplicitous litigation--a waste of both the courts' and the parties' time and resources.

Taylor v. State Farm Mut. Auto. Ins. Co., 913 P.2d 1092, 1095-96 (Ariz. 1996). We recognize Morgan is not alleging facts typical of an excess judgment case where the insured alleges the insurer's unreasonable failure to settle within policy limits resulted in the insured being exposed to an excess judgment. But, as we know, there are a variety of ways in which a liability insurer can violate its duty of good faith and fair dealing. We are persuaded by these decisions because, while the bad faith conduct alleged may be different, the injury or damages alleged are the same: an adverse or excess judgment. Furthermore, these decisions are consistent with our principle that a tort cause of action accrues when an injury to the plaintiff is certain and not merely speculative.

¶17 Like a legal malpractice action or a bad faith action arising from the insurer's failure to settle, the injury upon which Morgan's bad faith action can proceed is an adverse judgment. The adverse judgment must be certain and not merely speculative. A bad faith cause of action based on an adverse judgment does not accrue until the underlying judgment becomes final and non-appealable.3 Where the underlying judgment is appealed, the injury is not certain and the cause of action does not accrue until it is affirmed and mandated. Only at that point can the plaintiff maintain the bad faith action to a successful conclusion.

¶18 Therefore, we answer the first certified question with a "no." When the injury alleged in a tort cause of action is an adverse judgment, the claim accrues when the appeal is finally determined in the underlying case. The entry of a judgment, which remains subject to appeal, is not sufficiently certain to support accrual of a cause of action for breach of the implied duty of good faith and fair dealing.

IV. SECOND CERTIFIED QUESTION

Does an action for breach of an insurance contract accrue at the moment of breach where a plaintiff is not injured until a later date?

¶19 This Court possesses discretionary authority to reformulate the questions certified. See 20 O.S. § 1602.1. We invoke that authority here. In an effort to be consistent with the language used for the elements of breach of contract, the second question is reformulated to provide:

Does an action for breach of an insurance contract accrue at the moment of breach where a plaintiff does not sustain damages resulting from the breach until a later date?

¶20 Morgan alleges State Farm breached the contract when it negotiated a settlement with Atkins and failed to obtain a release of the workers' compensation subrogation claim but that the resulting damages were not fully ascertained until the $844,865.89 judgment against him was affirmed and made final on appeal. The fundamental question of law presented is: when does a breach of contract action accrue?

¶21 The same general principles of claim accrual apply here. A cause of action accrues when a litigant can first maintain the action to a successful conclusion. See Wille v. GEICO Cas. Co., 2000 OK 10, ¶ 10, 2 P.3d 888, 891. A breach of contract action accrues when the plaintiff has a legal right to sue. Id. ¶ 10, at 891-92; Samuel Roberts Noble Found., Inc. v. Vick, 1992 OK 140, ¶ 8, 840 P.2d 619, 622. The elements of a breach of contract action are: (1) formation of a contract; (2) breach of the contract; and (3) damages as a result of that breach. See Digital Design Grp., Inc. v. Info. Builders, Inc., 2001 OK 21, ¶ 33, 24 P.3d 834, 843.

¶22 While this Court has not squarely addressed the question certified, it is generally understood that a breach of contract action accrues when the contract is breached. See U.S. Fid. & Guar. Co. v. Fid. Trust Co., 1915 OK 946, ¶ 3, 153 P. 195, 198 ("Whenever one person may sue another, a cause of action has accrued, and the statute begins to run. In the law of contracts, the statute of limitations begins to run against a party to the contract, himself not in default, when the contract is broken by the other party, but not before that time."); 54 C.J.S. Limitations of Actions § 185 ("Generally, a cause of action for breach of contract accrues immediately on a breach, and the statute of limitations begins to run at that time."); see also OUJI-CIV 1.20.4 In Wille v. GEICO Casualty Co., 2000 OK 10, 2 P.3d 888, this Court considered when an action to recover uninsured/underinsured motorist benefits accrues. See id. ¶ 2, at 888. The issue was whether the action accrued when the insurer breached the insurance contract, i.e., refused to pay benefits on a valid claim, or the date of the underlying accident. Id. ¶ 9, at 890. We recognized that because the cause of action was based on contract, the action accrued when the insurance contract was breached. Id. ¶¶ 2, 7, 10-12, at 888-89, 891-92.

¶23 Only a handful of states have codified whether a breach of contract claim accrues when the contract is breached or when damages result.5 Most states addressing this issue have done so through decisional law. The prevailing view is that a breach of contract action accrues when the contract is breached even if the plaintiff does not sustain damages resulting from the breach until later.6

 

¶24 The third element of a breach of contract action is damages. But, unlike a tort claim, a breach of contract is a legal wrong independent of the existence of actual damages. See Textana, Inc. v. Klabzuba Oil & Gas, 2009 MT 401, ¶ 36, 353 Mont. 442, 450, 222 P.3d 580, 587; see also Tolbert v. Conn. Gen. Life Ins. Co., 778 A.2d 1, 5 (Conn. 2001) ("[T]he cause of action is complete at the time the breach of contract occurs, that is, when the injury has been inflicted." (quoting Kennedy v. Johns-Manville Sales Corp., 62 A.2d 771, 773 (Conn. 1948))). The plaintiff acquires the legal right to sue when the first two elements are present: formation of a contract and breach of the contract. At that point, the cause is actionable and the plaintiff is entitled to nominal damages. See Gourley v. Lookabaugh, 1915 OK 454, ¶ 0, 149 P. 1169, 1169 (Syllabus by the Court, No. 1) ("In an action for breach of contract, if proven, the plaintiff may recover nominal damages, even though no appreciable injury has been shown."); Gabriel v. Kildare Elevator Co., 1907 OK 35, ¶ 0, 90 P. 10, 10 (Syllabus by the Court, No. 2) ("A petition which alleges the making of an enforceable contract and a breach by the defendant will entitle the plaintiff to nominal damages, and is sufficient to withstand a general demurrer."). A plaintiff can maintain a breach of contract action to a successful conclusion without proof of actual damages, because nominal damages are all that is required.

¶25 Therefore, we answer the second certified question with a "yes." An action for breach of contract accrues when the contract is breached, not when damages result.

¶26 In the certification order, the Tenth Circuit further inquires whether the "injury rule" examined in the first question--that a plaintiff suffer an injury that is certain and not speculative before a tort action accrues--applies to breach of contract actions. Because accrual of a breach of contract action is not dependent upon damages, we find no such requirement. This inquiry and our conclusion that an action for breach of contract accrues when the contract is breached begs the question:

Does the tort-based discovery rule apply to a breach of contract action and toll the running of the statute of limitations until the plaintiff knows, or in the exercise of reasonable diligence, should have known of the breach?7

¶27 The common law discovery rule is a concept of tort law. The discovery rule tolls the limitations period until the injured party knows or, in the exercise of reasonable diligence, should have known of the injury. See Calvert v. Swinford, 2016 OK 100, ¶ 11, 382 P.3d 1028, 1033.

¶28 Some state legislatures have enacted laws clarifying that the discovery rule applies to an action for breach of contract. See Colo. Rev. Stat. Ann. § 13-80-108(6) (West 1995); La. Rev. Stat. Ann. § 9:5606 (West 1999). The Oklahoma Legislature has not. The Legislature did not create a discovery exception for an action on a written contract, as it did for an action based on fraud.8 The maxim expressio unius est exclusio alterius--that the mention of one thing in a statute impliedly excludes another thing--is helpful in understanding legislative intent. See Patterson v. Beall, 2000 OK 92, ¶ 24, 19 P.3d 839, 845. The Legislature expressly provided that the discovery rule applies to actions based on fraud, but it declined to do so for actions based on contract. Furthermore, it has statutorily disavowed application of the discovery rule to an action for breach of a contract for the sale of goods but applies the discovery rule to certain actions for breach of warranty under the Uniform Commercial Code. See 12A O.S.2011 § 2-725.9

¶29 In Oklahoma, the discovery rule has developed primarily in the common law. This Court has articulated the purposes behind its application of the discovery rule:

1) [T]he negligence was not readily discoverable by a plaintiff utilizing ordinary due diligence; 2) the negligence was hidden from being readily discoverable by the plaintiff; or 3) the plaintiff was prevented from knowing of it, and it did not become apparent until problems arose and the negligence was uncovered without any apparent negligence on the part of the plaintiff.

Calvert, 2016 OK 100, ¶ 15, 382 P.3d at 1034. This Court has applied the tort-based discovery rule to a variety of actions10 but has never extended it to contract. In fact, we have refused to apply the discovery rule in actions for breach of construction contracts. See Kirby v. Jean's Plumbing Heat & Air, 2009 OK 65, ¶¶ 16-17, 222 P.3d 21; Vick, 1992 OK 140, ¶¶ 11-13. We reasoned:

[U]nder a discovery rule, a defendant is never completely certain that time has extinguished his liability. Whereas in tort this concern was remedied by Section 109, the Oklahoma architects' and builders' statute of repose, the law of contracts is not affected by this legislation. Were we to allow application of a discovery rule in contract cases, the legislatively-adopted public policy expressed by Section 109 of limiting a builder's liability after a certain time lapse would be defeated; a builder's liability for breach of contract could extend indefinitely. We reject extension of the discovery rule to suits for breach of contracts involving construction.

Vick, 1992 OK 140, ¶ 13, 840 P.2d at 623. There is no statute of repose at play in the matter before us. Hence, an insurer's liability for breach of contract could extend indefinitely.11 We agree with the New Jersey Supreme Court's observations as to why the tort-based discovery rule does not make a smooth transition to contract law:

The rationale for employing the discovery rule in tort- or fraud-type actions, however, does not carry over to most contract actions, and therefore, the discovery rule generally has not been applied in such suits. Although some negligence or malpractice actions involve inherently undiscoverable types of injuries, most contract actions presume that the parties to a contract know the terms of their agreement and a breach is generally obvious and detectable with any reasonable diligence. Because the discovery rule imposes on plaintiffs an affirmative duty to use reasonable diligence to investigate a potential cause of action, and thus bars from recovery plaintiffs who had "reason to know" of their injuries, the discovery rule generally does not apply to contract actions.

Cnty. of Morris v. Fauver, 707 A.2d 958, 972 (N.J. 1998).

¶30 Other jurisdictions are split as to whether the discovery rule applies to breach of contract actions. Courts have, generally, answered the question five ways: (1) by establishing a bright-line rule that the discovery rule does not apply to an action for breach of contract;12 (2) by applying the discovery rule to an action for breach of contract, thereby tolling the statute of limitations until the plaintiff knows or, in the exercise of reasonable diligence, should have known of the breach;13 (3) by tolling the statute of limitations when there is fraudulent concealment of the cause of action;14 (4) by tolling the statute of limitations when the breach is inherently undiscoverable;15 or (5) applying the discovery rule to breach of contract actions in other specific circumstances.16

¶31 The discovery rule does not apply to an action for breach of contract under Oklahoma law. The claim accrues when the contract is breached, regardless of whether the plaintiff knows, or in the exercise of reasonable diligence, should have known of the breach.17

¶32 We recognize, occasionally, this answer may have a harsh result when the breach is not obvious. However, our determination that the discovery rule does not apply to breach of contract actions does not abrogate the fraudulent concealment doctrine. Oklahoma has long recognized fraudulent concealment as an implied exception to a statute of limitations. If a defendant fraudulently conceals material facts and thereby prevents a plaintiff from discovering his wrong or the fact that a cause of action has accrued against him, the limitations period is tolled. See Masquat v. DaimlerChrysler Corp., 2008 OK 67, ¶ 18, 195 P.3d 48, 54-55. In some cases, equitable tolling of the limitations period may be appropriate.

V. CONCLUSION

¶33 A bad faith action based on an adverse or excess judgment does not accrue until the judgment is affirmed on appeal and mandated. A breach of contract action accrues when the contract is breached, not when damages result. The discovery rule does not apply to an action for breach of contract. However, the statute of limitations may be tolled if the plaintiff can show the defendant fraudulently concealed the cause of action.

CERTIFIED QUESTIONS ANSWERED.

CONCUR: Darby, C.J., Kane, V.C.J., Winchester, Edmondson, and Rowe, JJ.

CONCUR IN PART, DISSENT IN PART: Kauger, Combs, and Gurich, JJ.

FOOTNOTES

1 While the district court concluded that both causes of action accrued at the time of the settlement in 2010, it also applied the discovery rule and equitable tolling to toll the limitations periods until January 2012, when NYM served its lawsuit on Morgan. It was at that time Morgan discovered the subrogation interest and lien. Because Morgan did not file this suit until May 2017, the district court concluded that both limitations periods barred the suit notwithstanding tolling.

2 See, e.g., Vanderloop v. Progressive Cas. Ins. Co., 769 F. Supp. 1172, 1175 (D. Colo. 1991) ("When . . . the economic injury alleged is the actual imposition of an excess liability judgment on the insured, the harm or damages element of the bad faith tort claim necessarily remains uncertain and speculative until final judgment on appeal either establishes that exposure or dissolves any liability."); Boyd Bros. Transp. Co. v. Fireman's Fund Ins. Co., 540 F. Supp. 579, 582 (M.D. Ala. 1982) ("Clearly the cause of action does not accrue until the litigation is over because the insured has not been injured until there is a final judgment for damages in excess of the policy limits."); Connelly v. State Farm Mut. Auto. Ins. Co., 135 A.3d 1271, 1281 (Del. 2016) ("[W]e hold that a claim that an insurer acted in bad faith when it refused to settle a third-party insurance claim accrues when an excess judgment against an insured becomes final and non-appealable.").

3 This Court has said, generally, a bad faith action based on failure to indemnify or defend arises "when the insurer breached the implied duty to deal fairly and in good faith with its insured." Lewis v. Farmers Ins. Co., 1983 OK 100, ¶ 7, 681 P.2d 67, 70. However, the type of bad faith conduct and damages asserted here are different from those in a bad faith action based on the insurer's refusal to indemnify or defend. Cf. Fed. Ins. Co. v. Estate of Catcher, No. 09-CV-41-TCK-FHM, 2011 WL 673992, at *7 n.5 (N.D. Okla. Feb. 17, 2011) (distinguishing a bad faith action based on failure to defend and indemnify from a bad faith action based on failure to settle within policy limits). Our answer today has no bearing on when a bad faith claim based on the insurer's failure to defend or indemnify accrues.

4 Oklahoma Uniform Jury Instructions-Civil No. 1.20 on the statute of limitations as an affirmative defense provides:

[Defendant] has raised the statute of limitations as an affirmative defense to the claim of [Plaintiff] for [Specify Type of Claim]. . . . In this case, the statute of limitations required [Plaintiff] to file this case within [Specify Limitation Period] from [Specify Applicable Time for Accrual of Claim, e.g., the date of breach of the contract, the date of injury, the date when [Plaintiff] knew or reasonably should have known of the injury and its cause].

OUJI-CIV 1.20 (emphasis added). The Committee Comments explain:

In general, the date of accrual of a claim is when the owner of the claim first acquires the right to bring an action on it. Samuel Roberts Noble Foundation, Inc. v. Vick, 1992 OK 140, ¶ 8, 840 P.2d 619, 622. This will occur as soon as each element of the claim has been satisfied. Thus, a contract claim will generally accrue on the date of the breach, and a tort claim will generally accrue on the date of the injury.

OUJI-CIV 1.20 committee cmt. (emphasis added).

5 See, e.g., Mich. Comp. Laws Ann. § 600.5827 (Westlaw, current through P.A.2021, No. 5, of the 2021 Regular Session, 101st Legislature) ("the claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results"); Mo. Ann. Stat. § 516.100 (Westlaw, current through end of the 2020 Second Regular Session and First and Second Extraordinary Sessions of the 100th General Assembly) ("the cause of action shall not be deemed to accrue when the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting therefrom is sustained and is capable of ascertainment, and, if more than one item of damage, then the last item, so that all resulting damage may be recovered, and full and complete relief obtained"); Va. Code Ann. § 8.01-230 (West 1996) ("In every action for which a limitation period is prescribed, the right of action shall be deemed to accrue and the prescribed limitation period shall begin to run . . . when the breach of contract occurs in actions ex contractu and not when the resulting damage is discovered, except where the relief sought is solely equitable . . . .").

6 The vast majority of courts weighing in on this fundamental question of law have held that a breach of contract claim accrues at the moment of breach rather than when the plaintiff is damaged by the breach. See e.g., Hensel Phelps Constr. Co. v. Cooper Carry, Inc., 210 F. SupP.3d 192, 197 (D.D.C. 2016); Perez-Encinas v. AmerUs Life Ins. Co., 468 F. SupP.2d 1127, 1134 (N.D. Cal. 2006); AC, Inc. v. Baker, 622 So. 2d 331, 335 (Ala. 1993); Tolbert v. Conn. Gen. Life Ins. Co., 778 A.2d 1, 5 (Conn. 2001); Gamble v. Lovett Sch., 350 S.E.2d 311, 312-13 (Ga. Ct. App. 1986); Hermitage Corp. v. Contractors Adjustment Co., 651 N.E.2d 1132, 1135 (Ill. 1995); Pizel v. Zuspann, 795 P.2d 42, 54 (Kan. 1990); Levin v. C.O.M.B. Co., 441 N.W.2d 801, 803 (Minn. 1989); Johnson v. Crisler, 125 So. 724, 724-25 (Miss. 1930); Kitchen Krafters, Inc. v. Eastside Bank of Mont., 242 Mont. 155, 163, 789 P.2d 567, 571-72 (1990), overruled on other grounds by Busta v. Columbus Hosp. Corp., 276 Mont. 342, 916 P.2d 122 (1996); Weyh v. Gottsch, 929 N.W.2d 40, 52 (Neb. 2019); ACE Sec. Corp. v. DB Structured Prods., Inc., 36 N.E.3d 623, 628 (N.Y. 2015); Sadtler v. Jackson-Cross Co., 587 A.2d 727, 731 (Pa. Super. Ct. 1991); Wilkins v. Third Nat'l Bank in Nashville, 884 S.W.2d 758, 761 (Tenn. Ct. App. 1994); Archer v. Tregellas, 566 S.W.3d 281, 288 (Tex. 2018); Clarke v. Living Scriptures, Inc., 2005 UT App 225, ¶ 11, 114 P.3d 602; but see Midwest Specialties, Inc. v. Firestone Tire & Rubber Co., 536 N.E.2d 411, 412, 414 (Ohio Ct. App. 1988) (holding a cause of action for breach of contract does not accrue until the complaining party suffers actual damages as a result of the alleged breach).

7 See supra note 1.

8 Title 12, § 95 provides, in pertinent part:

A. Civil actions other than for the recovery of real property can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:

1. Within five (5) years: An action upon any contract, agreement, or promise in writing;

. . .

3. Within two (2) years: An action for trespass upon real property; an action for taking, detaining, or injuring personal property, including actions for the specific recovery of personal property; an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated; an action for relief on the ground of fraud--the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud . . . .

12 O.S.2011 § 95(A) (emphasis added).

9 The U.C.C. provides, in pertinent part:

(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

. . .

(4) This section does not alter the law on tolling of the statute of limitations . . . .

12A O.S.2011 § 2-725.

10 We have applied the discovery rule in actions where negligence is not readily discoverable such as the repair of a storm damaged roof; the failure of a plumber to reconnect a sewer line; medical malpractice; damages to realty caused by pollution of a stream; damage to realty caused from an oil well; damage from the negligent installation of electrical wiring; libel, in actions where publication is likely to be concealed from the plaintiff or published in a secretive manner; breach of fiduciary duty; conversion or theft; and claim for recovery of stolen property. See Calvert v. Swinford, 2016 OK 100, ¶ 14, 382 P.3d 1028, 1034. The rule has also been applied in a very limited number of real property cases. Id. ¶ 16, at 1034.

11 Even in Louisiana, where the application of the discovery rule to contract actions is recognized by statute, the timeframe in which the breach can be discovered is limited. See La. Rev. Stat. § 9:5606 ("However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.").

12 See, e.g., McClendon v. N.C. Mut. Life Ins. Co., 406 F. SupP.3d 677, 686 (M.D. Tenn. 2019) (recognizing Alabama's discovery rule only applies to fraud actions and does not apply to contract claims); Abbott Labs., Inc. v. Gen. Elec. Capital, 765 So. 2d 737, 740 (Fla. Dist. Ct. App. 2000) (holding legislature did not intend to provide a discovery rule for breach of contract); Godwin v. Mizpah Farms, LLLP, 766 S.E.2d 497, 504 (Ga. Ct. App. 2014) ("The discovery rule is not applicable to a cause of action based on breach of contract; with respect to a breach of contract claim, the statute of limitation runs from the time the contract is broken rather than from the time the actual damage results or is ascertained."); Pizel, 795 P.2d at 54 ("A cause of action for breach of contract accrues when a contract is breached by the failure to do the thing agreed to, irrespective of any knowledge on the part of the plaintiff or of any actual injury it causes."); Kasu Corp. v. Blake, Hall & Sprague, Inc., 582 A.2d 978, 980 (Me. 1990) (breach of contract action accrued when insurance agency failed to procure appropriate coverage, not when client discovered lack of coverage); Cavanaugh v. City of Omaha, 580 N.W.2d 541, 544 (Neb. 1998) ("[A] cause of action in contract accrues at the time of the breach or failure to do the thing agreed to, irrespective of any knowledge on the part of the plaintiff or of any actual injury occasioned to him or her."); ACE, 36 N.E.3d at 628 ("New York does not apply the 'discovery' rule to statutes of limitations in contract actions."); CLL Assocs. Ltd. P'ship v. Arrowhead Pac. Corp., 497 N.W.2d 115, 116 (Wisc. 1993) ("[A] contract cause of action accrues at the moment the contract is breached, regardless of whether the injured party knew or should have known that the breach occurred.").

13 See, e.g., Bakeir v. Capital City Mortg. Corp., 926 F. SupP.2d 320, 339 (D.D.C. 2013) (applying D.C. law); Bauman v. Day, 892 P.2d 817, 828 (Alaska 1995); Strauser v. Westfield Ins. Co., 827 N.E.2d 1181, 1185 (Ind. Ct. App. 2005); Jones v. Hyatt Ins. Agency, Inc., 741 A.2d 1099, 1104 (Md. Ct. App. 1999); Larson v. Midland Hosp. Supply, Inc., 2016 ND 214, ¶ 11, 891 N.W.2d 364, 370; RWE NUKEM Corp. v. ENSR Corp., 644 S.E.2d 730, 733 (S.C. 2007); Wilkins, 884 S.W.2d at 761-62; see also 1000 Va. Ltd. P'ship v. Vertecs Corp., 146 P.3d 423, 430 (Wash. 2006) (holding the discovery rule applies to breach of contract claims involving latent defects in construction).

14 See, e.g., TCF Nat'l Bank v. Mkt. Intelligence, Inc., 812 F.3d 701, 711 (8th Cir. 2016) (applying Minnesota law); Studiengesellschaft Kohle, mbH v. Hercules, Inc., 748 F. Supp. 247, 252-54 (D. Del.1990) (applying Delaware law tolling when breach is inherently unknowable or there is fraudulent concealment); Grayson & Grayson, P.A. v. Couch, 2012 Ark. App. 20, 17, 388 S.W.3d 96, 106; Tolbert, 778 A.2d at 5; Textana, Inc. v. Klabzuba Oil & Gas, 2009 MT 401, ¶¶ 35-37, 353 Mont. 442, 449, 222 P.3d 580, 587; Waxman v. Waxman & Assocs., Inc., 198 P.3d 445, 453 (Or. Ct. App. 2008); Sadtler, 587 A.2d at 731 (tolling when concealed or undetectable).

15 See, e.g., Power Control Devices, Inc. v. Orchid Techs. Eng'g & Consulting, Inc., 968 F. SupP.2d 435, 445 (D. Mass. 2013) (applying Massachusetts law); Studiengesellschaft, 748 F. Supp. at 252-54 (applying Delaware law tolling when breach is inherently unknowable or there is fraudulent concealment); Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am., 898 P.2d 964, 968 (Ariz. 1995); Sadtler, 587 A.2d at 731 (tolling when concealed or undetectable); Archer, 566 S.W.3d at 290 ("We apply the discovery rule when the nature of the injury is inherently undiscoverable and the evidence of injury is objectively verifiable."); see also Cnty. of Morris v. Fauver, 707 A.2d 958, 972 (N.J. 1998) (leaving open the possibility that the discovery rule applies when the breach is inherently undiscoverable).

16 California applies the discovery rule to contract actions if: (1) the injury or the act causing the injury, or both, have been difficult for the plaintiff to detect; (2) the defendant has been in a far superior position to comprehend the act and the injury; and (3) the defendant had reason to believe the plaintiff remained ignorant he had been wronged. See Gryczman v. 4550 Pico Partners, Ltd., 131 Cal. Rptr. 2d 680, 682 (Cal. Ct. App. 2003). California's "application of the discovery rule [is] not governed by the presence of deliberate concealment or a heightened level of duty to the plaintiff but by two overarching principles: '[p]laintiffs should not suffer where circumstances prevent them from knowing they have been harmed' and 'defendants should not be allowed to knowingly profit from their injuree's ignorance.'" Gryczman, 131 Cal. Rptr. 2d at 682.

In Utah, the "equitable discovery rule" may operate to toll an otherwise fixed limitations period in the following two situations: (1) where a plaintiff does not become aware of the cause of action because of the defendant's concealment or misleading conduct; and (2) where the case presents exceptional circumstances and the application of the general rule would be irrational or unjust, regardless of any showing that the defendant has prevented the discovery of the cause of action. See Russell Packard Dev., Inc. v. Carson, 2005 UT 14, ¶ 25, 108 P.3d 741.

17 The Court of Appeals of New York also adopted this bright-line approach and explained its reasons for doing so:

Our statutes of limitation serve the same objectives of finality, certainty and predictability that New York's contract law endorses. Statutes of limitation not only save litigants from defending stale claims, but also express a societal interest or public policy of giving repose to human affairs. And we have repeatedly rejected accrual dates which cannot be ascertained with any degree of certainty, in favor of a bright line approach.

Accordingly, New York does not apply the "discovery" rule to statutes of limitations in contract actions. Rather, the statutory period of limitations begins to run from the time when liability for wrong has arisen even though the injured party may be ignorant of the existence of the wrong or injury. This is so even though the result may at times be harsh and manifestly unfair, and creates an obvious injustice because a contrary rule would be entirely dependent on the subjective equitable variations of different Judges and courts instead of the objective, reliable, predictable and relatively definitive rules that have long governed this aspect of commercial repose. Indeed, to extend the highly exceptional discovery notion to general breach of contract actions would effectively eviscerate the Statute of Limitations in this commercial dispute arena.

ACE, 36 N.E.3d at 627-28 (internal quotations and citations omitted).

Citationizer© Summary of Documents Citing This Document

Cite
Name
Level

None Found.

Citationizer: Table of Authority

Cite
Name
Level

Oklahoma Supreme Court Cases
 CiteNameLevel

 1991 OK 87, 818 P.2d 469, 62 OBJ 2744, MBA Commercial Const., Inc. v. Roy J. Hannaford Co., Inc.Discussed at Length
 1992 OK 140, 840 P.2d 619, 63 OBJ 2931, Samuel Roberts Noble Foundation, Inc. v. VickDiscussed at Length
 2001 OK 21, 24 P.3d 834, 72 OBJ 640, DIGITAL DESIGN GROUP, INC. v. INFORMATION BUILDERSDiscussed
 1915 OK 454, 149 P. 1169, 48 Okla. 65, GOURLEY v. LOOKABAUGH.Discussed
 1915 OK 946, 153 P. 195, 49 Okla. 398, UNITED STATES FID. & GUAR. CO. v. FIDELITY TRUST CO.Discussed
 1907 OK 35, 90 P. 10, 18 Okla. 318, GABRIEL v. KILDARE ELEVATOR CO.Discussed
 1995 OK 114, 905 P.2d 797, 66 OBJ 3485, Stephens v. General Motors Corp.Discussed at Length
 2000 OK 92, 19 P.3d 839, 71 OBJ 3016, PATTERSON v. BEALLDiscussed
 2005 OK 48, 121 P.3d 1080, BADILLO v. MID CENTURY INSURANCE COMPANYDiscussed
 2008 OK 67, 195 P.3d 48, MASQUAT v. DAIMLERCHRYSLER CORP.Discussed
 2009 OK 65, 222 P.3d 21, KIRBY v. JEAN'S PLUMBING HEAT & AIRDiscussed
 2016 OK 100, 382 P.3d 1028, CALVERT v. SWINFORDDiscussed at Length
 2017 OK 14, 392 P.3d 262, SILOAM SPRINGS HOTEL, LLC v. CENTURY SURETY COMPANYDiscussed
 2020 OK 28, 473 P.3d 22, HAMILTON v. NORTHFIELD INSURANCE CO.Discussed
 2000 OK 10, 2 P.3d 888, 71 OBJ 495, Wille v. GEICO Casualty Co.Discussed at Length
 1983 OK 100, 681 P.2d 67, Lewis v. Farmers Ins. Co., Inc.Discussed at Length
Title 12. Civil Procedure
 CiteNameLevel

 12 O.S. 95, Limitation of Other ActionsDiscussed at Length
Title 20. Courts
 CiteNameLevel

 20 O.S. 1602.1, Power to Reformulate QuestionCited
Title 12A. Uniform Commercial Code
 CiteNameLevel

 12A O.S. 2-725, Statute of Limitations in Contracts for SaleDiscussed

oscn

EMAIL: webmaster@oscn.net
Oklahoma Judicial Center
2100 N Lincoln Blvd.
Oklahoma City, OK 73105

courts

Supreme Court of Oklahoma
Court of Criminal Appeals
Court of Civil Appeals
District Courts

decisions

New Decisions
Supreme Court of Oklahoma
Court of Criminal Appeals
Court of Civil Appeals

programs

The Sovereignty Symposium

Alternative Dispute Resolution
Early Settlement Mediation
Children's Court Improvement Program (CIP)
Judicial Nominating Commission
Certified Courtroom Interpreters
Certified Shorthand Reporters
Accessibility ADA

Contact Us
Careers
Accessibility ADA